IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | 1:07-cv-01675-LJO-GSA-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR |
| vs. | FAILURE TO COMPLY WITH RULE 8 |
| F. YAMAT, et al., | ORDER FOR CLERK TO SEND §1983 COMPLAINT FORM TO PLAINTIFF |
| Defendants. | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

Plaintiff Andrew R. Lopez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 5, 2007. The events at issue in this action allegedly occurred at Corcoran State Prison -Corcoran, where plaintiff is presently incarcerated.

**I.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The court has reviewed plaintiff's complaint and finds that it does not comply with Rule 8 of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Plaintiff's complaint consists of thirty seven (37) pages, written in plaintiff's small handwriting, divided into one hundred sixteen (116) paragraphs. Plaintiff fails to separate out his numerous claims, which makes it unclear whether some of his recitations of facts are meant as background information or as another separate claim. He uses a rambling narrative which moves from one event to another in no discernible order, and he frequently links multiple defendants to the same allegation without explaining how each defendant participated. Given that plaintiff is suing over forty (40) defendants, these failures are of no minor consequence. Plaintiff is not a stranger to court rules governing the format and content of a complaint. Plaintiff has filed at least four other civil rights complaints in the Eastern District of California during the last fifteen years, and he currently has three civil rights cases pending.[1]

Plaintiff is reminded that his complaint should be short and to the point, containing only those facts necessary to state one or more claims against each defendant. Plaintiff's complaint should not contain legal arguments or unnecessary background information. The function of the complaint is to place defendants on notice as to plaintiff's claims. It is not the function of the complaint to list every single fact relating to plaintiff's claims. Because plaintiff's complaint is not in compliance with Rule 8, the court declines to expend its already taxed resources attempting to sort out plaintiff's claims. Plaintiff must submit a complaint to the court that meets the requirements of Rule 8. It is plaintiff's job, not the court's, to state a claim for each defendant.

## IV. CONCLUSION AND ORDER

Plaintiff's complaint shall be dismissed for failure to comply with Rule 8. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this

---

[1] Among plaintiff's other civil rights cases are 2:94-cv-0891-FCD-JFM (Lopez v. Hada) and 2:98-cv-02111-JKS (Lopez v. Peterson), which are closed, and 2:03-cv-01605-GEB-DAD (Lopez v. Cook) and 1:04-cv-05595-DLB-PC (Lopez v. Scribner); which are pending. Plaintiff has also filed at least three petitions for writ of habeas corpus in the Eastern District of California within the last seven years.

2

order. In his amended complaint, as the court makes clear in its form complaint, plaintiff shall state *as briefly as possible* the facts of his case, describing how each defendant is involved. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

In the amended complaint, plaintiff shall separate and label his claims, so that each claim and the involvement of the defendant(s) in each claim are clear. Further, for each claim, plaintiff shall *clearly and succinctly* set forth the facts that plaintiff believes give rise to the claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rule 8;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint that complies with this order and Rule 8;
4. Plaintiff shall clearly and boldly entitle the amended complaint "First Amended Complaint" and shall make reference to case number 1:07-cv-01675-LJO-GSA-PC; and
5. Plaintiff is warned that his failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **April 11, 2008**              /s/ **Gary S. Austin**

1 UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28