# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. YAMAT, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:07-cv-01765-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 2, 11)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

　　　　Plaintiff Andrew Lopez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 5, 2007. (Doc. 1.) On December 5, 2007, and February 8, 2008, plaintiff filed motions seeking preliminary injunctive relief. (Docs. 2, 11.)

　　　　With regard to plaintiff's motion filed December 5, 2007, plaintiff seeks a court order directing defendants to turn on the heat in the Security Housing Unit ("SHU") at Corcoran State Prison. Plaintiff also seeks a court order requiring defendants to provide their contact information to the Litigations Department at the prison, to assist plaintiff with service of process.

　　　　With regard to plaintiff's motion filed February 8, 2008, plaintiff seeks a court order requiring the Warden of Corcoran State Prison to preserve documentary evidence under his control, including 1) any and all documents pertaining to plaintiff; 2) any and all law library log books; 3) any and all law library related documents; 4) housing unit log books; and 5) maintenance records. Plaintiff also seeks a court order requiring the Warden to provide him with lists identifying all

documents listed in 1) through 5), and the names and titles of all persons directly in charge of particular areas at the prison.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In a separate order, the court dismissed plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8 and ordered plaintiff to file an amended complaint within thirty days. At this juncture, the court does not yet have before it an actual case or controversy.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed December 5, 2007, and February 8, 2008, be DENIED.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 11, 2008**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE