# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>F. YAMAT, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:07-cv-01765-LJO-GSA-PC<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND DENYING REQUEST FOR COURT TO ASK COUNSEL TO ASSIST PLAINTIFF<br>(Doc. 16)<br><br>SIXTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

Plaintiff Andrew R. Lopez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 5, 2007. (Doc. 1.) On April 11, 2008, the court dismissed the complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, with leave to file an amended complaint within thirty days. (Doc. 14.) On April 25, 2008, plaintiff filed objections to the court's order. (Doc. 16.)

Plaintiff objects to the court's dismissal of his complaint for failure to comply with Rule 8(a). Plaintiff also objects to the requirement to clarify the facts alleged against each defendant. Further, plaintiff complains that he is not given enough time at the law library to litigate his cases, that the noise at the prison is distracting, and that he already spent considerable time preparing the original complaint.

Plaintiff is advised that the court is required to dismiss his complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). It follows that if the complaint does

not comply with Rule 8(a)'s requirement to state a claim "showing that the pleader is entitled to relief," the court must dismiss the complaint. Fed. R. Civ. P. 8(a). The Supreme Court held that a defendant must be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). As the court stated in its order, "[p]laintiff fails to separate out his numerous claims, which makes it unclear whether some of his recitations of facts are meant as background information or as another separate claim. He uses a rambling narrative which moves from one event to another in no discernible order, and he frequently links multiple defendants to the same allegation without explaining how each defendant participated." (Doc. 14 at 2:7-10.) As such, plaintiff's complaint does not fairly give notice to defendants of his claims.

Plaintiff argues that if he complies with the court's order, the amended complaint will be longer than the original complaint. The court recognizes that a complaint against forty defendants is unlikely to be brief. Plaintiff should concentrate to the best of his abilities on naming *which* defendant acted, *when* the event occurred, *what* the defendant did, and *how* plaintiff's rights were violated. Plaintiff should avoid describing conditions, procedures, or events at the prison without naming *who* did *what* and *how* plaintiff was affected or injured. Although Rule 8 does not require a particular style of writing, it is to plaintiff's advantage to clearly express how each named defendant was involved in the events that happened.

Plaintiff shall be granted a sixty-day extension of time in which to prepare and file the first amended complaint. Should plaintiff require further extensions, he should file a motion before the time expires.

With regard to plaintiff's request for the court to "ask" counsel to assist plaintiff with his litigation, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief,

///

his case is not exceptional.  This court is faced with similar cases almost daily.  Therefore, plaintiff's request for the court to "ask" counsel to assist him shall be denied.

      In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court to ask counsel to assist him is DENIED;
2. Plaintiff is granted sixty days from the date of service of this order in which to file an amended complaint, pursuant to the court's order of April 11, 2008; and
3. Failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**   **July 15, 2008**          _____/s/ **Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE